Morning, Your Honor. Gerson Simon for Ms. Meadows. In this case, Your Honor, I submit that the district court should have held an evidentiary hearing in this case. My client... Excuse me? For what? To determine if the allegations... to determine if the allegations in my client's habeas petition were justified. Well, I mean, on that footing, every time a habeas petition is filed, it would be an evidentiary hearing. So there has to be some reason for one in a particular case and some set of facts that are in conflict that need an evidentiary hearing to resolve. And what would they be here? Well, as I was saying, Your Honor, the particular reasons I submit justify an evidentiary hearing are based on the allegations in my client's habeas petition, which were not frivolous and were not... and were made in... for good reason. You see, the magistrate implied that she... that the allegations were made or bona fide because he noted that my client had filed a series of mandamus petitions in order to obtain the records, the medical records she needed to show that she had been medicated. You see, there's a huge difference between what you need to plead in order to make out a habeas claim and what you later have to prove in order to establish it. Yes, Your Honor. And so there is no reason in the world that appears to me why Meadows could not have alleged the facts necessary to file a habeas petition from the earliest... Because she did. I mean, she filed a California petition in which she specifically discussed the fact that she had been on psychotropic medication. So that's all she had to do, is just pop that into the Federal system. Well, I submit that's... I believe she did mention that. Well, yes, she did. I mean, it's not a... there's no question about it. She did. She... Your Honor... And she should have mentioned that in a timely filed Federal habeas petition, but instead of that, she waited 3,066 days in order to do it. Yes, Your Honor. That's another issue, whether the timeliness of the petition. And if the Court decides I'll address myself to that. Well, what are we talking about an evidentiary hearing for, if not to show that she was on medication? Well, first, I would say that it was justified that she have an evidentiary hearing because the magistrate stated or recommended that the petition be dismissed because her allegations were vague, lacked specificity, and that she didn't show how the medications prevented her from filing a timely petition. But she needed those records to support her claims. Look, here's the thing. The records, if she... if her petition is timely, then she can get discovery. All she has to do to file a timely petition is to say, look, I was on drugs. What the magistrate judge did was to say, look, you filed nine petitions in California during the period that you say you couldn't do anything because you were drugged up. And that just belies any reasonable claim that you were, in fact, drugged up because you could, in fact, file petitions. Yes, Your Honor. I would urge the Court to consider that my client claimed that she was incompetent during the period. Well, it's the same point. If you can competently file nine petitions in California, it belies any reasonable inference that you're incompetent or drugged up. Yes, Your Honor. But my — our point that we're trying to make in the brief is that my client was incompetent at the time she entered a plea to the charge of second-degree murder. And that claim could be raised at any time, and she did. Therefore, I would submit that the timeliness of the petitions are not — can be overcome. The fact that they were untimely can be overcome by that fact. And that's why we needed an evidentiary hearing to determine the extent the medication had on her ability to function at the — during the change-of-plea hearing. Are you claiming that she was incompetent to file petitions because of — she was under medication during the entire period following her conviction? Well, what I'm asserting, Your Honor, is that two — two separate issues as to her — relating to her ability to file a petition. One is that she was incompetent at the time of the change-of-plea hearing. And then we submit that during the following years, she — the timeliness rules were just — were equitably told, to a certain degree, because she was handicapped, because she had been assigned to the mental health unit where she received an additional medication. And Judge Ramer's question to you is, during that period, the second period you're talking about, Judge Ramer said she filed petitions in the California court system. And the question is, if she was competent to file those petitions, why couldn't she file a Federal petition? Yes, Your Honor. We submit that the reason she was blocked from filing the Federal petition after filing the mandamus petitions and the State petitions is because she was handicapped by the State-created impediment that blocked her at the time. Okay. Now, what you're saying is that the — your position is that in order to file a Federal petition, she needed the information in the — that you were trying to obtain in the State petitions? Yes. And in the mandamus petitions. And that although she thought at the time she pled that she was under psychotropic drugs — Yes, Your Honor. She didn't know that she was? She didn't know the nature of the drugs? No. Our claim is that she eventually — see, during the entire time she was in pretrial detention, she claimed she was — had been medicated with these drugs that rendered her, for the most part, incompetent to plead. She was unable — the drugs had an effect of sedating her, making her unable to understand the nature of the proceedings, and to rationalize them. So why could she not have said that in Federal court over all these intervening years? Well, she — when she finally filed her Federal habeas petition, she stated she was incompetent in their Federal pleadings. She mentioned that. But she was incompetent when? At the time of the plea. Yes. Well, the question is why she could not have said that earlier. Well, she — she first stated it in her State habeas petitions. In 1996? Yes. 2002 is when she first — 1996 is the first time she stated that she had been on — she had been under the influence of psychotropic drugs. It's a quote. Yes. Those were in the mandamus petitions. No. It doesn't make any — well, it wasn't, actually. It was in the California habeas petition that was filed in — on June 14th, 1996. Yes. It was treated as a late notice of appeal. Yes. It was a combination of that. Well, in any event, she filed a piece of paper, whatever it was, in California court, June 14th, 1996, in which she said she was under the influence of psychotropic drugs. Yes. Now, there's no reason that occurs to me why she couldn't have popped that same piece of paper into the Federal system, which would have been timely. Yes, Your Honor. So we're looking to you to tell us why my impression is wrong. Well, what we're trying to assert and base our claim is that she needed the medical records to support her claim. Sure, to prove it, but not to allege it. Well, the magistrate dismissed her, recommended that her petition be dismissed because her allegations were vague and lacked specificity. And so my client, I submit, understood this, and that's why she spent two years, 96 to 90 — almost, well, a year and a half, 96 to 97, to try to obtain the medical records to support her claim. And also the — The record is unclear to me. Did she ever get the medical records at any time? Your Honor, up until the time she filed her habeas petition, she got one record. One page. One page. Were there more records beyond that? Well, we later determined that there were quite a few records, but they were not available to her by the time she filed her Federal habeas petition. So that's what we submit, that this created an impediment that was never removed. And that — and also we submit that the impediment, that the — my client was not able to discover the predicate facts in this case until she got the medical records. And they were not — never forthcoming from the Sheriff's Department during the entire time that she was pursuing her collateral actions. So we submit that the Federal habeas petition never commenced in this particular case because the Sheriff just refused to turn over the records which she believed she needed in order to support her claim. So I would like to reserve the balance of my time for rebuttal. Thank you, counsel. Thank you. Good morning, Your Honors. Deputy Attorney General Xiomara Castello appearing on behalf of Respondent. The petitioner in this case simply is not entitled to an evidentiary hearing because, as has been discussed, she knew all of the facts necessary to allege her claims by absolutely no later than June of 1996. There are two documents in the supplemental excerpts of record that demonstrate that as early as 1995, petitioner began complaining in an informal state bar complaint that she was under psychotropic medications at the time of her plea, that her attorney misled her, that things were not investigated. Again, in 1996, in June, she filed an application to file a late notice of appeal. And in that application, she made all the same allegations regarding the medications, her alleged complaints about her attorney and everything else that she needed in order to eventually assert the same four claims she raised in federal court belatedly in 2004. Because petitioner's allegations that she simply didn't know the factual basis of her claims are truly belied by the record, because she knew the facts necessary to allege her claims. Is it enough for somebody to say, I think I was under psychotropic drugs, I have no proof, I don't really know what the drugs are? What would happen to her if she filed that petition in federal court? Your Honor, to file her federal petition, all she needed to say was, I was under these psychotropic drugs, and in fact, she did that and identified the two drugs that she claimed she was on. I believe she also did that in connection with her state petitions beginning in 2002. So she knew the information that she needed to allege, and all she needed to do was make the allegation and then seek the discovery, and she could have informed the federal court that she had been unsuccessful in obtaining copies of her medical records and implored the court to allow her to get those via discovery. However, she waited, and especially during the time of four years and eight months, during which she pursued absolutely nothing in any court, she simply waited too many years to file her federal petition, despite the fact that she knew the information in the records. And that's really what I believe is crucial to the question here, which is that she knew the information in the records, so there can't really be an argument that I needed the records to state my claims. There really isn't. Ginsburg-Masey, you're saying that she knew exactly what drugs she had been given? She's – in her federal petition, if she's claiming to this day that she did not obtain her records before filing the federal petition, yes. In connection with the federal petition, she attached copies of physician's desk reference pages referring to the two particular medications that she claimed she was on. So she had that information before filing the federal petition. I believe she also included that information as early as 2002 in a state habeas petition. So not only did she generally know, at least as early as 1995, that she was taking these medications, by at least 2002, she even knew the identity of those medications and provided that information. So because Petitioner has really known all of the facts necessary to assert her federal claims, she should not receive an evidentiary hearing on this question. If the Court has no further questions, please. Was there a motion to dismiss on the grounds that it was vague and insufficient facts? Your Honor, the motion to dismiss was made on timeliness grounds. We did assert that her allegations were vague. And the district court, the magistrate judge, did make the finding that her allegations were too vague. She never specified for this incredibly long period of time why it was that from 1996 to 1997, despite an allegation that she was on the medications at that time, she could raise all her complaints. Why? What's the difference between that and the four years and eight months, and then another two years, where she again actively pursued state relief? She tried to make no distinction for why she could do it, then wasn't able, and then could do it. And the magistrate judge found that her allegations were too vague, simply saying, I was on psychotropic drugs. Yes. We moved to dismiss the petition on timeliness grounds. And what the magistrate judge found was that her allegations were too vague, simply saying, I was on psychotropic drugs. And the allegations that the magistrate judge found were too vague were ones having to do with the time bar. Were her equitable tolling allegations. Had to do with not being timely. Yes, correct, Your Honor. Not having to do with the merits. Absolutely correct, Your Honor. And in fact, he didn't say, you didn't prove your allegations. He didn't say, you haven't offered me any medical records. You haven't provided documentary support. He said the allegations themselves are too vague. And the basis of that was she claimed, I've been on these medications for almost 10 years, yet I've been able to file nine State petitions. And having failed to explain that inconsistency, the magistrate judge concluded your allegations about these medications are too vague. You haven't explained why you were capable for a couple of years of pursuing. For almost five years, you didn't. Well, she was never able to pursue a successful petition. And in the I have a little logical problem with the idea that because you can file petitions that are unsuccessful, that means you're capable of filing a petition that might have merit. Well, I think the question, Your Honor, is whether or not she was capable of filing a petition that included these Federal claims. I think she couldn't get the simplest kind of relief. She couldn't get the State to provide her with her own medical records. Even nine years of trying, you would think somebody would be able to do that if she was competent. Well, she tried for a few years. Three of the two, maybe two of the years, I believe, she tried to obtain copies of her medical records. But even before then, she had already started alleging her factual complaints regarding the medications at the time of her plea, regarding my attorney misled me, regarding failure to investigate. So she knew all that information already and included it in her application to file the late notice of appeal. And so there's really no reason for why she couldn't have alleged the same things she then alleged in 2004 for those seven years in Federal court. I had the same result in Federal court that she had in the State court. Well, Your Honor, and I do want to point out, however, also that this competency claim that the Petitioner is now referring to was not alleged in the Federal petition and has not been alleged in State court. The basis of her claim is that she was on the medication, and therefore, her plea was not knowing and voluntary, not that she was actually incompetent to stand trial or plead, and not that there's a procedural incompetence claim such that the trial court should have had a sui sponte hearing. Those claims were not before the District court and have not been presented to the State court either. Thank you, Your Honor. Just one word about the counsel's last remark. She asserted all through her petitions that she was not competent when she pled in the at the Superior Court. Now, I think there's a distinction here between knowing that you have a basis for a claim, the legal basis, and the factual basis, and evidence needed to prove your claim. And I submit that I cited three cases to show that it's not enough just to know that you have a claim. You have to be you have to have the facts to support it. And these are constitute the predicate. And the predicate facts constitute those documents. I cited three cases that are conceptually similar to the instant case, the Wims case, Daniels, and Hirabayashi case. For example, in the Wims case, the defendant did the Petitioner in that case was not able to file his petition until the limitation period had run because he did not have a copy of the docket control sheet which showed that his lawyer failed to file a notice of appeal. And the Court held that the limitation period did not begin to run until he got to obtain that document. And then in Daniels' case, the limitation period did not begin to run until the defendant obtained a copy or the affidavit of a witness who recanted his testimony and then testified, had previously testified against the defendant in the case. In other words, there's a difference between the two. Kennedy, and Daniels, for instance, or Wims, for instance, he didn't know that there had never been a notice of appeal filed until then. Yes, Your Honor. He asked his lawyer to file it, and he didn't realize he didn't. But his period started when he learned that there had been no notice filed. Until then, he didn't file papers saying, I know there's been no notice filed. And he was waiting for the proof. He didn't know about the underlying problem. Well, my understanding of Daniels is that he didn't know that his lawyer did not file a notice until he received the docket. The point is that Meadows knew she was on drugs. Yes, Your Honor. It didn't take some external information to her to communicate that fact. She knew it. Yes, Your Honor. But we're just submitting that it's not enough to know in this particular case that she had a claim, that the predicate facts encompass the actual records. Until she got those records, she really had no claim. And that's why the magistrate recommended that the case be dismissed. So are there any more questions that I have submitted? Thank you, Kennedy. Thank you. The seizure docket will be submitted.
judges: D.W. Nelson, Reinhardt, Rymer